## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| | ) | |
| **BARNES & NOBLE BOOKSELLERS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 05-2011-CM** |
| | ) | |
| **TOWN CENTER PLAZA, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

This lawsuit arises from a lease.  Plaintiff Barnes & Noble Booksellers, Inc., which

operates bookstores throughout the United States, is a tenant in Town Center Plaza (the

"Shopping Center"), a shopping center in Leawood, Kansas, now owned by defendant Town

Center Plaza, LLC ("Town Center").  Under its lease ("Lease") for space at the Shopping Center,

plaintiff is responsible for a proportionate share of specified expenses relating to the Shopping

Center.  Plaintiff alleges that defendant has overcharged it for its proportionate share of certain

expenses related to the operation and management of the common areas of the Shopping Center.

This matter is before the court on defendant's Motion to Transfer Venue to the Northern District

of Ohio Pursuant to 28 U.S.C. § 1404(A) (Doc. 12).

### I.      Background

Plaintiff is a Delaware corporation with its principal place of business in New York.

Plaintiff originally filed this lawsuit against defendant in Kansas state court.  Defendant

removed the case to federal court on the basis of diversity jurisdiction.  Defendant is one of many

entities now affiliated with Developers Diversified Realty Corporation ("Developers Diversified"),

an Ohio corporation engaged in the commercial real estate business whose principal place of

business is in Beachwood, Ohio.  Although the Shopping Center is the sole shopping center

owned by defendant, Developers Diversified directly and through affiliates develops, owns,

operates, and/or manages numerous shopping centers throughout the United States, including the

Shopping Center.

Defendant was not the original landlord of the Shopping Center.  Plaintiff negotiated the

terms of the Lease with Poag & McEwen, agents for Specialty Development Corporation

("Specialty Development"), the original landlord.  None of the Lease negotiations occurred in

Kansas.  However, the lease designates Kansas in its choice of law provision.  In any event, prior

to the 1996 opening of the Shopping Center, Specialty Development assigned plaintiff's lease to

defendant, and, thus, defendant became the new landlord under the Lease.  Thereafter,

Developers Diversified conducted the accounting and lease administration for the Shopping Center

from its Cleveland-area office.

Several years ago, plaintiff retained American Landmark Companies, Inc. ("American

Landmark") to review defendant's financial books and records in connection with the alleged

overcharges in the expenses related to the operation and management of the common areas of the

Shopping Center.  American Landmark is a Maine corporation with its principal place of business

in that state.  Plaintiff and American Landmark directed their communications and inquiries through

Developers Diversified in the Cleveland area.

-2-

**II.     Standard**

Motions to transfer venue are governed by 28 U.S.C. § 1404(a), which provides in pertinent part: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

Section 1404(a) affords the district court broad discretion to adjudicate motions to transfer based upon a case-by-case review of convenience and fairness.  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).  "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."  *Id.* at 1515.  "[U]nless the balance is strong in favor of the movant the plaintiff's choice of forum should rarely be disturbed."  *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)).

The court must consider the following factors in determining whether to transfer a case:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516.  The court bears in mind that transfer is not appropriate if the result is merely to shift the inconvenience from one party to the other.  *KJC Corp. v. Kinetic Concepts, Inc.*, 18 F. Supp. 2d 1212, 1214 (D. Kan. 1998).

**III.    Discussion**

      **A.      Choice of Forum**

A plaintiff's choice of venue "creates a strong presumption in favor of retaining the case" in the chosen forum.  *Big Dog Motorcycles L.L.C. v. Big Dog Holdings, Inc.*, 351 F. Supp. 2d 1188, 1193 (D. Kan. 2005).  Although the plaintiff's choice of forum is generally accorded due deference, where the plaintiff's choice of forum is not its residence, it is given much less weight in ruling on a discretionary transfer motion.

      **B.      Convenience of the Parties and Costs of Obtaining Witness Attendance**

Defendant contends that it is substantially more convenient for defendant and its witnesses to litigate this case in the Northern District of Ohio.  As set forth by defendant, all of defendant's currently-identified, potential fact witnesses with knowledge of the allocation of the disputed charges and administration of the Lease are Cleveland-area residents.

Defendant attached to its Motion the Affidavit of Eric C. Cotton, which identifies five (5) persons who might testify on behalf of defendant.  However, defendant fails to specifically outline the substance of the potential witnesses' testimony and how such testimony might be important to this case.  And although these individuals are listed as persons with knowledge of the Lease and its administration, it is unclear which of these individuals will actually be called to testify at trial and what testimony, if any, defendant expects to elicit from these individuals.  Importantly, defendant

failed to submit any evidence as to whether these potential witnesses will be inconvenienced by the case proceeding in Kansas.  Defendant also produced no evidence to suggest that any of the witnesses identified, who are beyond the Kansas court's subpoena power, would be unwilling to attend a trial in Kansas.

Significantly, defendant also identified three general managers that worked onsite at the Shopping Center and who reside in the Kansas City metropolitan area.  Plaintiff has identified seven individuals (not affiliated with defendant) with knowledge relevant to the dispute.  Of the seven individuals identified, not one is located in Ohio.  Instead, two are located in Dallas, Texas, one is located in Maine, and four are located in New York.  Transfer of venue is inappropriate where, as in this case, it would only serve to transfer inconvenience from one party to another.  *KJC Corp.*, 18 F. Supp. 2d at 1214.  Defendant has not sustained its burden of showing that the convenience of the parties and witnesses *s*ubstantially weighs in favor of transferring the case to the Northern District of Ohio.

With respect to non-party witnesses, the Tenth Circuit has instructed that, if a party argues that a transfer is necessary to have a non-party witness testify, that party must state a factual basis for concluding that the witness's testimony is relevant and material, that the witness is unwilling to come to trial, that deposition testimony would be inadequate, or that compulsory process would be useful.  *Scheidt*, 956 F.2d at 966.  Defendant has failed to sufficiently allege these factors.  Moreover, as plaintiff points out, non-party witnesses such as  other tenants in the Shopping Center will likely be needed to testify about the issues in dispute.  For example, it is likely that such witnesses will be necessary to determine the manner in which defendant is calculating other

tenants' proportionate share of real property taxes, common area expenses and insurance. Traveling to Ohio would undoubtedly be an unanticipated inconvenience for these non-party witnesses.

### C.       Place of the Alleged Wrong/Accessibility to Sources of Proof

Without question, the most significant place where the relevant events took place is Kansas.  Kansas is the location where the property taxes were paid, where the common area expenses were incurred, and where the insured property is located.

Defendant contends that all of the records that defendant expects to be relevant to the common area maintenance policies and charges are maintained in Developers Diversified's Beachwood, Ohio offices.  Plaintiff's documents are primarily located in New York.  The court sees no reason why the parties cannot make relevant documents available to each other should this case remain in Kansas.  Furthermore, defendant does not argue that the location of documents and business records are so voluminous that their transport would be a major undertaking.

### D.       Local Interest in Adjudicating Local Disputes

This dispute involves real property and the Shopping Center located in Kansas.  The outcome of the suit materially affects business done in Leawood, Kansas.  Moreover, the outcome of this suit may materially affect other tenants in the Shopping Center if, as alleged, defendant has miscalculated the amounts owed by plaintiff and possibly other tenants.  Thus, this factor weighs against transferring the case.

The court also considers the choice of law provision, which in this case is Kansas.  The court has no doubt that the Northern District of Ohio could adequately apply Kansas law to this

case.  Yet, in all likelihood, this court is more familiar with Kansas law.  The fact that an Ohio court could apply Kansas law does not negate the fact that the most logical and convenient forum to adjudicate a case stemming from property located in Kansas and a dispute governed by Kansas law is Kansas.  In consideration of all the above-mentioned factors, the court determines that transfer to the Northern District of Ohio is not appropriate.

**IT IS THEREFORE ORDERED** defendant's Motion to Transfer Venue to the Northern District of Ohio Pursuant to 28 U.S.C. § 1404(A) (Doc. 12) is denied.

Dated this ___18__ day of May 2005, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**